**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CASE NO. 3:08-CR-39-M**

**UNITED STATES OF AMERICA**                                                                                 **PLAINTIFF**

**V.**

**WILLIAM R. RICHARDS**                                                                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

These matters are before the Court upon a motion by the Defendant to dismiss Counts 2 and 3 of the Second Superseding Indictment (DN 38) and a motion by the Defendant for release of Brady materials (DN 39). Fully briefed, these matters are ripe for decision. For the following reasons, the Defendant's motion to dismiss is **DENIED in part** and the Defendant's motion for the release of Brady materials is **GRANTED**.

**I. ANALYSIS**

**A. Motion to Dismiss Counts 2 and 3 of the Second Superseding Indictment**

The Defendant argues that Counts 2 and 3 of the Second Superseding Indictment should be dismissed because of prosecutorial misconduct. He contends that these charges were added in violation of a court order and are the product of "abusive investigative tactics, including the breach of attorney-client confidentiality and witness intimidation."

In United States v. Streebing, the Sixth Circuit discussed the power of a district court to dismiss a grand jury indictment under the "supervisory powers" doctrine. 987 F.2d 368 (6th Cir. 1993). In Streebing, the court stated that to invoke this power, a court must find that 1) there is misconduct; and 2) the defendant is actually prejudiced by such. 987 F.2d at 372. The court also noted that "dismissal of an indictment is a drastic remedy, which is appropriate only in truly

egregious cases." Id.

Here, the Defendant first argument in support of its egregious misconduct theory is related to the Court's issuance of an order on June 9, 2008, which granted the Government's request for a continuance so that it could correct the fact that a single offense had been erroneously divided into two separate charges in the indictment. The Defendant argues that the prosecutor engaged in misconduct because, when the prosecutor returned to the grand jury, he not only consolidated the prior indictment's two charges into a single count, but also added two new charges against the Defendant. The Court, however, disagrees. Although its June 9, 2008, order to continue the trial was specifically granted to allow the Government an opportunity to correct the multiplicity issue in its indictment, nothing in the order prohibited the Government from bringing new and additional charges. [1]

The Defendant next argues that the two new charges should be dismissed because the evidence obtained in support of those charges was obtained through prosecutorial misconduct. Specifically, the Defendant argues that the evidence was obtained in violation of an attorney-client relationship which existed between a witness interviewed by the Government and the business, Diversified Solutions, which is the subject of the new charges. The Defendant also contends that the Government obtained information from this individual through the use of intimidation and coercion. With regard to these allegations, the Court will conduct a pre-trial hearing at 1:30 p.m. on Monday July 7, 2008, after jury selection.

---

[1] Of course, when a superseding indictment is filed, a defendant may seek a trial continuance under 18 U.S.C. §3161(h). The district court has the authority to grant such a motion if the "ends of justice served by taking such action outweigh the best interest of the public and defendant in a speedy trial." United States v. Prince, 214 F.3d 740, 763 (6th Cir. 2000)(quoting United States v. Rojas-Contreras, 474 U.S. 231, 234 (1985)).

**B. Motion for Release of Brady Materials**

In his second motion, the Defendant asks the Court to require the Government to produce all exculpatory materials within the mandate of Brady v. Maryland. 373 U.S. 83 (1963). The Defendant's motion is granted. All previously undisclosed Brady and Giglio materials shall be produced immediately and the Government shall continue to comply with its responsibilities to turn over such evidence as it is discovered.   Giglio v.United States, 405 U.S. 150 (1972).

## II. CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss Counts 2 and 3 of the Second Superseding Indictment is **DENIED in part** and the Defendant's motion for the release of Brady materials is **GRANTED**. A pre-trial hearing is set for Monday, July 7, 2008, at 1:30 p.m. to discuss the unresolved issues set forth in the Defendant's motion to dismiss. **IT IS SO ORDERED**.

cc: Counsel of Record