FILED
Jeffrey A. Apperson, Clerk
JUL 09 2008
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CRIMINAL ACTION NO.   3:08-CR-39-M

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.

WILLIAM R. RICHARDS                                         DEFENDANT

## JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.



The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.



## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct



proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## TESTIMONY OF DEFENDANT

You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating the defendant's testimony.

I will now explain the elements of the crime that the Defendant is accused of committing.



## II. RULES OF LAW

## INSTRUCTION NO. 1

## COUNT 1

All three counts of the Second Superseding Indictment charge the Defendant with violating 15 U.S.C. § 645(a) which makes it illegal to knowingly make a false statement to the Small Business Association ("SBA") for the purpose of influencing the action of the SBA in any way.

In Count 1, the Government alleges that on or about February 11, 2005, the Defendant violated 15 U.S.C. § 645(a) by knowingly making the following two false statements in an application he submitted to the SBA on behalf of Commonwealth Technologies:

1) that Commonwealth Technologies employed two persons; and

2) that Commonwealth Technologies' principal office was located at 212 East Caroline Street, Irvington, Kentucky.

For you to find the Defendant guilty of this crime, the Government must prove each and everyone of the following elements beyond a reasonable doubt:

1) that at least one of these statements was false;

2) that, at the time the statement was made, the Defendant knew it was false; and

3) that the false statement was made with the intent to influence an action of the SBA.

## INSTRUCTION NO. 2

## COUNT 2

In Count 2, the Government charges that on or about January 23, 2006, the Defendant violated 15 U.S.C. § 645(a) by knowingly making the following two false statements in an application he submitted to the SBA on behalf of Diversified Solutions, LLC:

1) that Diversified Solutions, LLC, employed two persons; and

2) that Diversified Solutions's principal office was located at 212 East Caroline Street, Irvington, Kentucky.

For you to find the Defendant guilty of this crime, the Government must prove each and everyone of the following elements beyond a reasonable doubt:

1) that at least one of these statements was false;

2) that, at the time the statement was made, the Defendant knew it was false; and

3) that the false statement was made with the intent to influence an action of the SBA.

## INSTRUCTION NO. 3

## COUNT 3

In Count 3, the Government charges that on or about February 15, 2006, the Defendant violated 15 U.S.C. § 645(a) by knowingly making the following two false statements in an application he submitted to the SBA on behalf of Diversified Solutions, LLC:

    1) that Diversified Solutions, LLC, employed two persons; and

    2) that Diversified Solutions's principal office was located at 212 East Caroline Street, Irvington, Kentucky.

For you to find the Defendant guilty of this crime, the Government must prove each and everyone of the following elements beyond a reasonable doubt:

    1) that at least one of these statements was false;

    2) that, at the time the statement was made, the Defendant knew it was false; and

    3) that the false statement was made with the intent to influence an action of the SBA.

## INSTRUCTION NO. 4

## "KNOWINGLY"

The word "knowingly," as that term has been used from time to time in these instructions, means that the acts were done voluntarily and intentionally, not because of mistake or accident.



# INSTRUCTION NO. 5

## DELIBERATE IGNORANCE

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that the Defendant deliberately ignored the possibility that one of his statements to the Small Business Association was false, then you may find that he knew it was false. To find this, you must be convinced beyond a reasonable doubt that the Defendant was aware of a high probability that his statement was false, and that the Defendant deliberately closed his eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and it is not enough to convict. This, of course, is all for you to decide.



# INSTRUCTION NO. 6
## "GOOD FAITH" DEFENSE

The good faith of the Defendant is a complete defense to the charges against him because good faith on the part of the Defendant is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if he knowingly makes false or fraudulent pretenses, representations, or promises to others, even though he honestly holds a certain opinion or belief.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the Defendant because the Defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the Defendant acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether the Defendant acted with an intent to defraud or in good faith, you must acquit the Defendant.



## INSTRUCTION NO. 7

## REQUIREMENTS AND DEFINITIONS

To receive SBA certification as a qualified HUBZone small business concern, the concern must meet several requirements, including:

(1) the concern's principal office must be located in a HUBZone; and

(2) at least 35% of the concern's employees must reside in a HUBZone.

"Principal office" means the location where the greatest number of the concern's employees at any one location perform their work. However, for those concerns whose "primary industry" is service or construction, the determination of principal office excludes those employees who perform the majority of their work at job-site locations to fulfill specific contract obligations.

"Employee" means a person (or persons) employed on a full-time (or full-time equivalent), permanent basis. Full-time equivalent includes employees who work 30 hours per week or more. Full-time equivalent also includes the aggregate of employees who work less than 30 hours a week, where the work hours of such employees adds up to at least a 40 hour work week. The totality of the circumstances, including factors relevant for tax purposes, will determine whether persons are employees of a concern. Temporary employees, independent contractors or leased employees are not employees for these purposes. When determining the percentage of employees that reside in a HUBZone, if the percentage results in a fraction, round up to the nearest whole number.

"Reside" means to live in a primary residence at a place for at least 180 days, or as a currently registered voter, and with intent to live there indefinitely.



## INSTRUCTION NO. 8

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.

## INSTRUCTION NO. 9

### Separate Consideration

The Defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

14



## INSTRUCTION NO. 10

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

## III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you



think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may

send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.